29239. POLLARD, receiver, *v.* JEFFERS-BONNER COMPANY.

DECIDED MARCH 12, 1942.

*Don B. Howe, Matthews, Owens & Maddox,* for plaintiff in error.
*Price Edwards,* contra.

FELTON, J.   The terms and provisions of the bill of lading became a part of the petition under the circumstances of this case, and were not limited to the purpose stated in the amendment attaching it.   It will therefore not be necessary to pass on the overruling of that special demurrer the ground of which was that no copy of the bill of lading was attached to the petition.   The bill of lading was signed by an agent of the G. S. & F. R., and in the absence of allegations to the contrary it will be presumed that delivery of the car of cans, etc., was made by the consignor to the G. S. & F. R. and that either the consignor or the G. S. & F. R. routed the car.   In the circumstances, the defendant and its agent at Buchanan had no authority to direct the route of the car, and if there is any liability to plaintiff it is due by the consignor or the G. S. & F. R., either or both.   If the defendant had no authority to route the car, its knowledge of the use for the car and the likelihood of loss on account of delay would not and could not be material and bind the defendant.   There is no allegation that any one delayed the shipment otherwise than by improper routing, except that defendant carried it to Cedartown and back to Buchanan. It was alleged that the car reached Buchanan on the evening of September 15.   There is no allegation that the car reached Buchanan during the railroad office hours on the 15th, and it is not alleged what time on the 16th the car reached Buchanan.   Besides, the allegation that the damage was increased by the Cedartown movement is inconsistent with the allegation that the long routing caused the damage, in that the car failed to reach Buchanan in time for use by the plaintiff of the cans on the morning of September 13.   No cause of action was set out against the defendant, and the court erred in overruling the general demurrer to the petition.

*Judgment reversed.   Stephens, P. J., and Sutton, J., concur.*